UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KELVIN JOHNSON,**

    Petitioner,

v.                                           Case No. 8:25-cv-385-MSS-NHA

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

### O R D E R

Johnson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions for attempted second-degree murder and aggravated battery. The Respondent asserts that the petition is untimely. After reviewing the petition (Doc. 1), the response (Doc. 5), and the state court record (Doc. 6), the Court **DISMISSES** the petition as time barred.

### PROCEDURAL HISTORY

A jury found Johnson guilty of attempted second-degree murder and aggravated battery, and the trial judge sentenced Johnson to two concurrent sentences of twenty-five years in prison. (Doc. 6-2 at 25–28) Johnson appealed, and the state appellate court affirmed. (Doc. 6-2 at 79)

About six months later, Johnson filed a motion for post-conviction relief (Doc. 6-2 at 81–103), and the post-conviction court granted in part and denied in part

1

relief after an evidentiary hearing and granted Johnson a resentencing hearing. (Doc. 6-2 at 186–95) At the resentencing hearing, the trial judge exercised her discretion and imposed the same concurrent sentences of twenty-five years in prison for the convictions. (Doc. 6-2 at 296–299) Johnson appealed, and the state appellate court affirmed. (Doc. 6-2 at 410) Johnson filed a petition for leave to file a belated post-conviction appeal. (Doc. 6-2 at 416–36) The state appellate court denied the petition. (Doc. 6-2 at 445)

Johnson's federal petition followed. (Doc. 1) In his federal petition, Johnson asserts that (1) trial counsel deficiently performed by failing to present exculpatory testimony at trial, (2) trial counsel deficiently performed by misadvising him to reject a plea offer, and (3) trial counsel deficiently performed by misadvising him about his eligibility as a youthful offender at sentencing. (Doc. 1 at 16–18)

## ANALYSIS

Because Johnson filed his Section 2254 petition after the enactment of the Antiterrorism and Effective Death Penalty Act, AEDPA applies. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a one-year statute of limitations applies to a Section 2254 petition. 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period tolls while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

On March 15, 2019, the state appellate court affirmed Johnson's convictions and sentences in a decision without a written opinion. (Doc. 6-2 at 79) The state supreme court lacked jurisdiction to review the decision without a written opinion. *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020). Johnson could have sought further review only in the United States Supreme Court. *Id.* at 1329. Johnson did not seek further review, and the time to seek further review expired ninety days later — June 13, 2019. Sup. Ct. R. 13.1. The next day, the federal limitation period started to run. Fed. R. Civ. P. 6(a)(1)(A).

On October 1, 2019, Johnson placed in the hands of prison officials for mailing a motion for post-conviction relief. (Doc. 6-2 at 81–104) On that day, 109 days had run on the limitation. On December 27, 2022, the post-conviction court denied in part the post-conviction motion (Doc. 6-2 at 186–95), and Johnson did not appeal. The limitation tolled until the time to appeal expired thirty days later — January 26, 2023. Fla. R. App. P. 9.110(b) and 9.141(b)(1). *Cramer v. Sec'y, Dep't Corrs.*, 461 F.3d 1380, 1383 (11th Cir. 2006).

The limitation resumed the next day and expired 256 days later — October 10, 2023. On February 10, 2025, Johnson placed in the hands of prison officials for mailing his Section 2254 petition. (Doc. 1 at 18) Consequently, the petition is untimely.

Even though the post-conviction court granted in part Johnson's motion for post-conviction relief and the trial judge entered a second amended judgment, the second amended judgment did not reset the limitation.

The post-conviction court granted Johnson relief after determining that trial counsel deficiently performed by misadvising him about his eligibility as a youthful offender. (Doc. 6-2 at 191–94) At the resentencing hearing, the trial judge imposed the same two concurrent sentences of twenty-five years in prison for the two convictions after determining that the facts and circumstances of Johnson's case did not justify a mitigated youthful offender sentence. (Doc. 6-2 at 278–79)

The trial judge entered an amended judgment imposing the same sentences for the convictions (Doc. 6-2 at 282–86), and Johnson appealed. (Doc. 6-2 at 303) While the appeal was pending, the Department of Corrections sent a letter to the trial judge advising that the amended judgment did not award Johnson credit for days that he served in prison before the resentencing hearing. (Doc. 6-2 at 288) The trial judge entered a second amended judgment "*nunc pro tunc* to April 10, 2018," the date of the original sentencing hearing. (Doc. 6-2 at 296) The second amended judgment stated that confinement was "effective March 30, 2023, to be imprisoned for a term of twenty-five years, Florida Department of Corrections, minimum mandatory twenty-five years Counts One [and] Two, *nunc pro tunc* to April 10, 2018." (Doc. 6-2 at 297) The state appellate court affirmed the second amended judgment. (Doc. 6-2 at 306, 410)

"'[T]he judgment that matters for purposes of Section 2244 is the judgment authorizing the petitioner's confinement.'" *Osbourne v. Sec'y, Fla. Dep't Corrs.*, 968 F.3d 1261, 1265 (11th Cir. 2020) (quoting *Patterson v. Sec'y, Fla. Dep't Corrs.*, 849 F.3d 1321, 1325 (11th Cir. 2017)). "A new judgment resets the statute of limitations

4

clock[,] and a petitioner may challenge both the underlying conviction and the resentencing." *Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011) (citing *Ferreira v. Sec'y, Dep't Corrs.*, 494 F.3d 1286, 1293 (11th Cir. 2007)). However, "not every action that alters a sentence necessarily constitutes a new judgment for purposes of Section 2244." *Osbourne*, 968 F.3d at 1265.

*Osbourne*, 968 F.3d at 1266–67, held that the petitioner's amended judgment, entered *nunc pro tunc* to the date of the original judgment, related back to the date of the original judgment and therefore was not a "new judgment" under Section 2244. In *Osbourne*, 968 F.3d at 1266 n.4, the court of appeals refused to review whether the state court properly entered the amended sentence, *nunc pro tunc* to the date of the original judgment:

> We note Florida law also provides that "when the court wholly omits an order or wishes to change it, the new order cannot be entered *nunc pro tunc*." *Riha's Estate*, 369 So. 2d at 404. However, Osbourne did not challenge the imposition of the amended sentence *nunc pro tunc* in state court, despite having the opportunity to do so. Further, he does not raise any challenge to the *nunc pro tunc* designation now. Under these circumstances and because the propriety of labeling a Florida judgment "*nunc pro tunc*" is a matter of state law, we do not opine as to whether the imposition of the amended sentence in his case was the proper or correct use of a *nunc pro tunc* designation under Florida law. That is a matter best left to the province of the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("Because 'it would be unseemly in our dual system of government for a federal . . . court to upset a state court conviction without an opportunity to the state courts to correct [an alleged] violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until

the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). Our decision here is limited to the effect of the *nunc pro tunc* designation under Florida law and what effect that designation has on whether the judgment is a new judgment for purposes of Section 2244(b).

*Cassidy v. Sec'y, Fla. Dep't Corrs.*, 119 F.4th 1336, 1340–41 (11th Cir. 2024), reaffirmed that a state court judge's entry of an amended judgment, *nunc pro tunc* to the date of the original judgment, receives deference in federal court:

> When a state court issues an amended judgment or sentence *nunc pro tunc*, our precedent requires us to accept that designation and refrain from evaluating whether it was proper under state law. *See Osbourne*, 968 F.3d at 1266–67, 1266 n.4. In *Osbourne*, we held that an amended sentence that a state court issued *nunc pro tunc* did not constitute a new judgment because it related back to the date of the original judgment. *Id.* at 1266–67. We did so without evaluating the validity of the *nunc pro tunc* designation under Florida law because that matter was "best left to the province of the state court." *Id.* at 1266 n.4.
>
> Although *Osbourne* requires us to defer to a state court's designation of an amended judgment or sentence as *nunc pro tunc*, *id.* at 1266–67, 1266 n.4, the state court must have, in fact, classified the order as *nunc pro tunc* for this deference to apply, *see id.* at 1266 (explaining that the date of the original judgment controlled "[i]n light of the trial court's *nunc pro tunc* designation when issuing Osbourne's amended sentence" (emphasis added)).

6

Like Johnson, the appellant named Theresa Batson[1] in *Cassidy* filed a post-conviction motion before the limitation expired. *Cassidy*, 119 F.4th at 1338. The post-conviction court denied relief, but the state appellate court reversed and remanded for the trial judge to enter an amended sentence. *Id* at 1338. The trial judge amended the sentence by vacating one conviction and by amending two consecutive sentences to run concurrently and entered the amended sentence, *nunc pro tunc* to the date of the original judgment. *Id.* at 1338. Batson timely appealed the amended sentence and timely sought post-conviction relief after the amended sentence became final. *Id.* at 1338. Batson filed a Section 2254 petition eleven months after the second state post-conviction proceedings concluded. *Id.* at 1338. The Eleventh Circuit affirmed the district judge's order dismissing Batson's petition as untimely after determining that the amended judgment, entered *nunc pro tunc* to the date of the original judgment, did not reset the limitation. *Id.* at 1341–42.

Because the trial judge entered Johnson's second amended judgment *nunc pro tunc* to the date of the original sentencing hearing (Doc. 6-2 at 296), the second amended judgment is not a new judgment that reset the limitation. *Cassidy*, 119 F.4th at 1341 ("We stated that '*the determining factor* as to whether the state court judgment is a new judgment for purposes of Section 2244(b) turns on the *nunc pro tunc* designation.' Because the *nunc pro tunc* designation on Batson's amended sentences

---

[1] *Cassidy*, 119 F.4th at 1337, reviewed two separate appeals filed by two state prisoners convicted of unrelated crimes.

came from the state court, we must give it the dispositive weight that *Osbourne* did.") (citation omitted and italics in original) (italics in original).[2]

Lastly, on May 17, 2023, before the limitation expired, Johnson placed in the hands of prison officials for mailing a petition for leave to file a belated post-conviction appeal. (Doc. 6-2 at 416–36) The State of Florida filed a response with an affidavit by post-conviction counsel that demonstrated that Johnson did not retain post-conviction counsel to represent him in any appellate proceeding, that Johnson received a copy of the post-conviction court's order denying in part his motion, and that the order informed Johnson that a notice of appeal was due thirty days after the order entered. (Doc. 6-2 at 440–43) The state appellate court denied the petition. (Doc. 6-2 at 445) Because "a petition for belated appeal is not an application for collateral review within the meaning of Section 2244(d)," the petition did not toll the limitation. *Espinosa v. Sec'y, Dep't Corrs.*, 804 F.3d 1137, 1141 (11th Cir. 2015).

Johnson does not argue that either equitable tolling or a miscarriage of justice based on actual innocence excuses the time bar. Accordingly, Johnson's petition (Doc. 1) is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Johnson and to **CLOSE** this case.

---

[2] This Court is bound by *Cassidy* until either the Eleventh Circuit or the United States Supreme Court overrules the opinion. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991). Batson filed a petition for a writ of certiorari in the United States Supreme Court seeking review of the Eleventh Circuit's opinion, and the United States Supreme Court denied the petition. *Batson v. Fla. Dep't Corrs.*, No. 24-7200 (U.S.).

## DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Johnson neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on October 7, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE